# In the United States Court of Federal Claims

WILLIAM CARL MADEY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 19-cv-01607

Filed: April 14, 2020

**ORDER**

Plaintiff *pro se* William Carl Madey alleges that Defendant United States "violated its own policies and procedures by taking [his] assets without jurisdiction for tax years 2000-2006 & 2008-2017." Complaint (ECF No. 1) (Compl.) at 3. Plaintiff seeks $370,593.22 in relief seeking what appears to be a return of federal taxes withheld from him during that period of time. Compl. at 3 & Ex. B. Defendant timely moved this Court to dismiss the Complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (Rules). *See* Def. Motion to Dismiss (ECF No. 7) (Def. Mot.). On February 27, 2020, this case was transferred to the undersigned judge pursuant to Rule 40.1(c). *See* ECF No. 9. This Court has considered each of the parties' filings and arguments in ruling on Defendant's motion. For the reasons set forth below, this Court grants the Defendant's Motion to Dismiss and dismisses Plaintiff's Complaint for lack of subject-matter jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3).

<u>APPLICABLE LEGAL STANDARD</u>

Pursuant to Rules 12(b)(1) and 12(h)(3), this Court must dismiss claims that do not fall within its subject matter jurisdiction. When considering a motion to dismiss based upon lack of subject matter jurisdiction, this Court accepts as true all uncontroverted factual allegations made by the non-movant and draws all reasonable inferences in the light most favorable to that party. *See Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002). "If a motion to dismiss for lack of subject matter jurisdiction, however, challenges the truth of the jurisdictional facts alleged in the complaint, . . . [this Court] may consider relevant evidence to resolve the factual dispute." *Reynolds v. Army & Airforce Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988) (citations omitted); *see Banks v. United States*, 741 F.3d 1268, 1277 (Fed. Cir. 2014). This Court must liberally construe the filings of *pro se* plaintiffs, such as Mr. Madey. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, a *pro se* plaintiff still has the burden of establishing this Court's jurisdiction by a preponderance of the evidence. *Reynolds,* 846 F.2d at 748; *Curry v. United States*, 787 F. App'x 720, 722 (2019) (citing *Kelly v. Sec'y U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)). As with all other litigants, this Court must have jurisdiction over claims brought by *pro se* litigants. *See Reynolds*, 846 F.2d at 748.

The United States Court of Federal Claims is a court of limited jurisdiction. Through enactment of the Tucker Act, which acts as a waiver of sovereign immunity, Congress has placed within this Court's jurisdiction "any claim against the United States founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a); *see United States v. Mitchell*, 463 U.S. 206, 212

(1983).  The Tucker Act is a jurisdictional statute and does not create any enforceable right against the United States on its own.  *See Mitchell*, 463 U.S. at 216; *United States v. Testan*, 424 U.S. 392, 298 (1976); *Todd v. United States*, 386 F.3d 1091, 1093-94 (Fed. Cir. 2004).

In order to fall within the Tucker Act's waiver of sovereign immunity, a plaintiff's claim for money damages against the United States must be based upon an express or implied contract, or a money-mandating constitutional provision, statute, or regulation.  *See* 28 § U.S.C. 1491(a); *Mitchell*, 463 U.S. at 216-18.  Specifically, a plaintiff "must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government.'"  *Mitchell*, 463 U.S. at 216 (1983) (quoting *Testan*, 424 U.S. at 400 (citation omitted)).  "[I]n the context of tax refund suits, . . . [this Court's] Tucker Act jurisdiction is limited by the Internal Revenue Code, including 26 U.S.C. 7422(a)."  *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir 2009) (citations omitted).  Where, as here, a plaintiff seeks a refund of federal taxes, he must meet the jurisdictional threshold imposed by 26 U.S.C. § 7422(a).  *See United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4, 14 (2008); *RadioShack,* 566 F.3d at 1360; *Dumont v. United States*, 345 F. App'x 586, 592 (Fed. Cir. 2009).

<u>DISCUSSION</u>

Defendant moved to dismiss for lack of subject-matter jurisdiction on the basis that this Court lacks jurisdiction to hear Plaintiff's claim for a refund of federal taxes withheld from him (*i.e.,* the "assets" he alleges the United States took "without jurisdiction") because Plaintiff failed to file an administrative refund claim, a jurisdictional prerequisite under 26 U.S.C. § 7422(a).  Def. Mot at 1.  The Defendant also notes that Plaintiff "fails to attach documentation and information required under Rule 9(m), which embodies this jurisdictional requirement."  *Id*.

Pursuant to 26 U.S.C. § 7422, a taxpayer may bring an action in this Court to recover internal revenue tax allegedly erroneously or illegally assessed, provided that the taxpayer first files a claim for a refund with the Internal Revenue Service (IRS).  26 U.S.C. § 7422(a); *Clintwood Elkhorn Mining Co.*, 553 U.S. at 4, 14; *Dumont*, 345 F. App'x at 592.

Section 7422(a) of the Internal Revenue Code states:

> *No suit* or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been *duly filed* with the Secretary, according to the provisions of law in that regard and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a) (emphasis added).

Accordingly, to properly invoke this Court's jurisdiction in a tax refund suit, a plaintiff must comply with 26 U.S.C. § 7422(a) and file a timely claim for refund or credit with the IRS within the timeframes established by 26 U.S.C. § 6511.  *See Clintwood Elkhorn Mining*, 553 U.S. at 14; *see also Commn'r v. Lundy*, 516 U.S. 235, 240 (1996) ("provisions governing refund suits in . . . the United States Court of Federal Claims . . . make timely filing of a refund claim a jurisdictional prerequisite to filing suit"); *Dumont*, 345 F. App'x at 589-90 (affirming dismissal of claim for "the illegal determination and assessment of taxes," where U.S. Court of Federal Claims properly treated claim as one for tax refund and dismissed claim for lack of jurisdiction because plaintiff failed to timely file an administrative tax refund claim).  Further, a plaintiff filing a complaint in this Court seeking a refund of taxes must comply with the pleading requirements of Rule 9(m), which reflects pleading requirements necessary to meet the jurisdictional threshold established by 26 U.S.C. § 7422(a).  *See* Rule 9(m).  If a plaintiff fails to meet these jurisdictional requirements, the Court must dismiss the complaint.  *See RadioShack,* 566 F.3d at 1360; *Dumont,*

345 F. App'x at 592.

Viewing Plaintiff's Complaint and arguments in the light most favorable to him, and affording Plaintiff leniency as a *pro se* litigant, Plaintiff cannot bring an action in this Court to recover federal taxes because he failed to allege, argue, or otherwise demonstrate that he filed any administrative tax refund claim with the IRS. *See* Compl. at 1-3 & Ex. B; Pl. Response to Mot. to Dismiss (ECF No. 8) (Pl. Resp.); Pl. Corrected Response to Mot. to Dismiss (ECF No. 12) (Pl. Corr. Resp.); Pl. Supplemental Filing (ECF No. 15).[1]  Nor did Plaintiff comply with the requirements imposed by Rule 9(m) of this Court, which requires a litigant to attach a copy of his claim for refund and also a statement identifying, among other things, the date and place the claim for refund was filed. *See id;* Rule 9(m)(2)*.*  Further, Defendant confirms that Internal Revenue Service records reflect that Plaintiff never filed such refund claim. *See* Def. Mot. at 3 & Ex. 4.

To the extent that Plaintiff contends that the federal government may not collect, or must refund, taxes to him because it had successfully moved to dismiss Plaintiff's petition for lack of jurisdiction in the U.S. Tax Court, his contention is meritless. *See* Compl. at 3 & Ex. B; *Dumont*, 345 F. App'x at 589-90.  By way of background, Plaintiff previously filed a petition in the U.S. Tax Court alleging that he never received a notice of deficiency from tax years 2000-2017, essentially seeking a declaration to that end.  Def. Mot. Ex. 1.  The IRS confirmed that no notice of deficiency was issued to Mr. Madey and that the IRS had not made any other determinations with respect to taxable years 2000 through 2017 that would confer jurisdiction on the Tax Court. Def. Mot. Ex. 2.  The U.S. Tax Court dismissed the action for lack of jurisdiction, on Plaintiff's consent.  *See* Def. Mot. Ex. 3 (Order of Dismissal for Lack of Jurisdiction, *Madey v. Comm'r of*

---

[1] Even assuming, *arguendo*, Plaintiff could somehow show that he filed such a claim, nearly all of his refund claims, spanning nearly 20 years from 2000-2017, would be barred by the statute of limitations imposed by 26 U.S.C. § 6511. *See* Compl. at 3; *Clintwood Elkhorn Mining*, 553 U.S. at 4-5 (noting "strict timeframes" for filing such a claim) (citing 26 U.S.C. §§ 6511(a), (b)(1)).

*Internal Revenue*, No. 5014-19 (T.C. May 7, 2019)).  Plaintiff's allegation here is one repeatedly, and unsuccessfully, made by *pro se* plaintiffs before the U.S. Court of Federal Claims.  *See, e.g., Leber v. United States*, 146 Fed. Cl. 9, 10-11 & n. 2 (2019); *Jackson v. United States* 143 Fed. Cl. 242, 245 n.2 (2019); *Pekrul v. United States*, 144 Fed. Cl. 522, 523 (2019), *aff'd*, 2020 WL 564270 (Fed. Cir. Feb. 5, 2020); *Anderson v. United States*, 2019 WL 2552938, at *2 n.4 (Fed. Cl. June 3, 2019) (citations omitted); *Wolffing v. United States*, 144 Fed. Cl. 626, 638-39 (2019) (citing *Wall v. United States*, 141 Fed. Cl. 585, 589-90, 597 (2019)); *Thousavath v. United States*, 2020 WL 247327, at *2 (Fed. Cl. Jan. 16, 2020) (Plaintiff's "argument that the government lacked jurisdiction to assess taxes against him does not state a claim over which this court has jurisdiction") (citation omitted).

Finally, in his Response and Corrected Response to Defendant's Motion to Dismiss, Plaintiff makes statements that his claim is being brought under RICO or is somehow related to a "pattern of racketeering activities" by the United States.  *See* Pl. Resp. at 2; Pl. Corr. Resp. at 2.  It is well established that this Court lacks jurisdiction to hear claims based upon RICO allegations, which are not money-mandating in nature.  *See Dumont*, 345 F. App'x at 593; *Trevino v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014) (citations omitted); *see also United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (en banc) (Court of Federal Claims lacks jurisdiction over claims based on constitutional provisions that do not obligate the government to pay money).

Plaintiff has not met his burden to invoke this Court's jurisdiction.  Accordingly, Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction, pursuant to Rules 12(b)(1) and 12(h)(3).

<u>CONCLUSION</u>

For the reasons set forth above, this Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 7) with prejudice.  The Clerk of Court shall enter judgment accordingly and shall mark this case as closed.

IT IS SO ORDERED.


<u>s/ Eleni M. Roumel</u>
ELENI M. ROUMEL
Judge

Dated:  April 14, 2020